IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EVANS, JR., <br><br> Plaintiff, <br><br> v. <br><br> SIXTH DISTRICT APPELLATE PROGRAM, <br><br> Defendant. | No. C 11-4339 SBA (PR) <br><br> **ORDER GRANTING *IN FORMA PAUPERIS* STATUS AND DISMISSING COMPLAINT** <br><br> (Docket no. 3) |

## INTRODUCTION

Plaintiff, a California prisoner proceeding pro se, filed this civil rights complaint under 42 U.S.C. 1983 against the Sixth District Appellate Program. Plaintiff has also filed a motion for leave to proceed in forma pauperis (IFP).

The Court notes that Plaintiff has previously filed a civil rights action against: California Supreme Court Chief Justice George; Justices Kennard, Baxter, Werdegar, Chin, Moreno and Corrigan; as well as Chief Clerk Ohlrich. See Case No. C 10-4778 SBA (PR). In an Order dated April 20, 2011 in Case No. C 10-4778 SBA (PR), the Court dismissed Plaintiff's claims involving monetary damages against the state supreme court justices and the chief clerk based on "immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." (Apr. 20, 2011 Order in Case No. C 10-4778 SBA (PR) at 3 (citing Pierson v. Ray, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under 42 U.S.C. 1983); Morrison v. Jones, 607 F.2d 1269, 1273 (9th Cir. 1979), cert. denied, 445 U.S. 962 (1980) (same; court clerks have absolute quasi-judicial immunity from damages)).) The dismissal was without prejudice to Plaintiff raising any remaining claim that attacked the duration of his confinement in a petition for a writ of habeas corpus. (Id. at 4.)

The following background is taken from the Court's April 20, 2011 Order in Case No. C 10-4778 SBA (PR):

> On (1-21-07), the U.S. Supreme Court invalidated Ca[lifornia]'s sentencing procedure for failing to comply with the requirements of

> the Sixth Amendment. At the time of this mandate, Plaintiff was on "direct appeal" with the exact same legal claim. In the Court of Appeals, Sixth Appellate District, in light of the original U.S.S.C. Mandate, the Sixth Appellate Dist. "vacated and remanded" Plaintiff's sentence back to the trial court for a (new) re-sentencing. On (8-27-08), the (Justices) of the Ca[lifornia] Supreme Court violated "clearly established federal law(s)" when (they) administratively circumvented (both mandates). Therefore, depriving Plaintiff of his clearly established constitutional rights under the 5th, 6th, 8th and 14th Amendments.

(Compl. at 3.) Though not entirely clear, Plaintiff appears to argue that the aforementioned Defendants violated his constitutional rights when they issued the August 27, 2008 decision. Plaintiff does not attach a copy of the state supreme court's August 27, 2008 decision, instead he attaches a copy of the court's docket for Plaintiff's California Supreme Court Case no. S153757, which includes the following notes pertaining to the August 27, 2008 decision:

> Transferred to CA 6 after hold. Each of the above-entitled matters is transferred to the originating Court of Appeal with directions to vacate its decision and reconsider the cause in light of People v. Towne (2008) 44 Cal.4th 63. (Cal. Rules of Ct., rule 8.528 (d).) Votes: George, C.J., Kennard, Baxter, Werdegar, Chin, Moreno and Corrigan, JJ.

(Compl., Ex. 4, "Supreme Court of California Docket Listing" in Case no. S153757 at 2.) Also attached is the state appellate court's October 17, 2008 decision on Plaintiff's matter that was transferred from the state supreme court, which states: "This matter has been transferred to us from the Supreme Court (S153757) with directions to vacate our previous decisions (*People v. Evans* (May 30, 2007) H029616 [nonpub. opn.]) and to reconsider the cause in light of *People v. Towne* (2008) 44 Cal.4th 63 (*Towne*)." (Compl., Ex. 4, California Appellate Court's Decision in Case no. H029616 at 1.) The state appellate court added in a footnote, "In this opinion, we reconsider only the issue of the upper term sentence and the impact of *Towne*. We reiterate our discussion of all the other issues, however, because the Supreme Court's order directed us to vacate our earlier opinion." (Id.) The state appellate court affirmed the judgment. (Id. at 19.)

> As relief, Plaintiff seeks the following: "Money damages in the relief of $500 a day for compensatory and punitive damages from each justice in their individual capacities [f]or violating clearly established constitutional rights. Injunctive relief: immediately be removed from unlawful CDC&R custody/jurisdiction. Plaintiff asserts he is [in] the lawful custody of Santa Clara County." (Compl. at 4.)

(Apr. 20, 2011 Order in Case No. C 10-4778 SBA (PR) at 1-2.)

In another previous civil rights action, the Court also dismissed Plaintiff's complaint against the Court of Appeals, Sixth Appellate District for similar reasons relating to judicial immunity. See Case No. C 11-0154 SBA (PR). The following background is taken from the Court's November 7, 2011 Order in Case No. C 11-0154 SBA (PR):

2

> On (Oct. 17, 2008), Court of Appeals, Sixth Appellate District, Justices Rushing, Premo and Elia, obstructed justice and willfully conspired to deprive Plaintiff . . . of any right protected by the Constitution or Laws of the United States.

(Compl. at 3.) Again, while it is not entirely clear, the Court finds that Plaintiff appears to argue that Defendants Rushing, Premo, and Elia violated his constitutional rights when they issued the October 17, 2008 decision. As relief, Plaintiff seeks the following claims for relief (similar to the relief he sought in his previous case):

> monetary damages of $500 a day, in the form of punitive/compensatory, as a result of his rights are "clearly established by constitutional dimension, from each defendant," immediate injunctive relief to be remanded from the CDC&R and afforded due process in Santa Clara County, to be re-sentenced. Declaratory judgment to discontinue violation of any right, from further "actual or imminent injuries" by CDC&R Officials.

(Compl. at 3.)

(Nov. 7, 2011 Order in Case No. C 11-0154 SBA (PR) at 2-3.)

In the present case, Plaintiff is suing the Sixth District Appellate Program, who "provided representation for [him] on direct appeal." (Compl. at 3.) Plaintiff claims his appellate attorneys "violated their ethical legal duty to pursue meritorious issue[s] on direct appeal (after) Plaintiff['s] case was vacated and remanded on May 30, 2007." (Id.) Again, Plaintiff seeks monetary damages and injunctive relief, essentially in the form of being removed from allegedly unlawful state custody. (Id. at 4.).

## **DISCUSSION**

### **I. Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and

(2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

## II. Legal Claims

Plaintiff's claim against his appellate attorneys at the Sixth District Appellate Program must fail because one cannot sue his lawyer for allegedly ineffective assistance or malpractice in a § 1983 action. An attorney performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings does not act under color of state law, as a person must to be liable under § 1983. See Polk County v. Dodson, 454 U.S. 312, 325 (1981) (public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding); Franklin v. Oregon, 662 F.2d 1337, 1345 (9th Cir. 1981). The allegations of the complaint concern alleged deficiencies in Plaintiff's appellate attorneys' representation during his criminal appeals. They thus fall squarely within the scope of work that Polk County has determined is not actionable under § 1983. Accordingly, this claim is DISMISSED for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b).

As to Plaintiff's remaining claim for relief in the form of his release from state custody, the Court finds that he has improperly filed this claim in a civil rights action. Traditionally, challenges to prison conditions have been cognizable by way of a § 1983 action, while challenges implicating the fact or duration of confinement must be brought through a habeas petition. Docken v. Chase, 393 F.3d 1024, 1026 (9th Cir. 2004). Any claim by a prisoner attacking the validity or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code. Calderon v. Ashmus, 523 U.S. 740, 747 (1998); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). A prisoner must bring a habeas petition if the nature of his claim is such that it would necessarily imply the invalidity of his conviction or continuing confinement. Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997) (§ 1983 claim).

A district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983. Wilwording v. Swenson, 404 U.S. 249, 251 (1971). The opposite is not true, however: a civil rights complaint seeking habeas relief should

be dismissed without prejudice to bringing it as a petition for writ of habeas corpus. Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

Here, Plaintiff seeks to be removed from allegedly unlawful state custody, thus he attacks the duration of his confinement. When a state prisoner's § 1983 suit implicates the length of his or her incarceration, the complaint must be dismissed unless the plaintiff can demonstrate that he has succeeded in having the duration of his sentence changed in another forum; i.e., by succeeding with a state or federal habeas petition. This Plaintiff has not done; therefore, he has failed to state a cognizable claim under section 1983.

Accordingly, the remaining claim for relief in the form of his release from custody is DISMISSED without prejudice to raising it in a petition for a writ of habeas corpus.

**CONCLUSION**

For the reasons set out above, this action is DISMISSED. The Court has rendered its final decision on this matter; therefore, this Order TERMINATES Plaintiff's case.

Plaintiff's application for in forma pauperis status is GRANTED. The total filing fee due is $350.00. The initial partial filing fee due for Plaintiff at this time is $0.00. A copy of this Order and the attached instruction sheet will be sent to Plaintiff, the Prison Trust Account Office and the Court's Financial Office.

The Clerk of the Court shall terminate all pending motions as moot and close the file. Further, the Court certifies that any appeal from this dismissal would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). See Coppedge v. United States, 369 U.S. 438, 445 (1962); Gardner v. Pogue, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

This Order terminates Docket no. 3.

IT IS SO ORDERED.

DATED: 5/18/12

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

INSTRUCTIONS FOR PAYMENT OF PRISONER'S FILING FEE

The prisoner shown as the plaintiff or petitioner on the attached order has filed a civil action in forma pauperis in this court and owes to the court a filing fee. Pursuant to 28 U.S.C. § 1915, the fee is to be paid as follows:

> The initial partial filing fee listed on the attached order should be deducted by the prison trust account office from the prisoner's trust account and forwarded to the clerk of the court as the first installment payment on the filing fee. This amount is twenty percent of the greater of (a) the average monthly deposits to the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition or (b) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition.

> Thereafter, on a monthly basis, 20 percent of the preceding month's income credited to the prisoner's trust account should be deducted and forwarded to the court each time the amount in the account exceeds ten dollars ($10.00). The prison trust account office should continue to do this until the filing fee has been paid in full.

If the prisoner does not have sufficient funds in his/her account to pay the initial partial filing fee, the prison trust account office should forward the available funds, and carry the balance forward each month until the amount is fully paid.

If the prisoner has filed more than one complaint, (s)he is required to pay a filing fee for each case. The trust account office should make the monthly calculations and payments for each case in which it receives an order granting in forma pauperis and these instructions.

**The prisoner's name and case number must be noted on each remittance.** The initial partial filing fee is due within thirty days of the date of the attached order. Checks should be made payable to Clerk, U.S. District Court and sent to Prisoner Accounts Receivable, U.S. District Court, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102.

cc:     Plaintiff/Petitioner
        Finance Office

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EVANS JR., | Case Number: CV11-04339 SBA |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| SIXTH DISTRICT APPELLATE et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 23, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


James Evans F-06497
California State Prison - Corcoran
P.O. Box 8800
Corcoran, CA 93212-8309

PRISON TRUST ACCOUNT OFFICE
James Evans F-06497
California State Prison - Corcoran
P.O. Box 8800
Corcoran, CA 93212-8309

Dated: May 23, 2012

Richard W. Wieking, Clerk
By: Lisa Clark, Deputy Clerk